Lynn S. Walsh, OSB #924955
email: walsh@europa.com
205 SE Spokane Street
Suite 300
Portland, Oregon 97202
Telephone: 503-790-2772
Facsimile: 503-238-7501
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| JOSE RAMIREZ,<br><br>          Plaintiff,<br><br>    vs.<br><br>SUE WASHBURN, THE STATE OF OREGON, GARTH GULICK, MD, and BRYON HEMPHILL, DO,<br><br>          Defendants. | NO. 2:18-cv-02071-SU<br><br>SECOND AMENDED COMPLAINT<br>Violation of Civil Rights (42 U.S.C. § 1983); Negligence<br><br>DEMAND FOR JURY TRIAL |

     This is a civil rights action brought under 42 U.S.C. § 1983 and a state claim for negligence regarding the deliberate indifference to a serious risk of harm to a prisoner. Specifically, the superintendent of Powder River Correctional Facility allowed ice to build up to several feet thick and cantilever off the end of a roof by several feet creating a dangerous situation. Inevitably, another prisoner authorized to remove snow and ice caused the cantilevered ice to collapse and fall, causing severe injuries to plaintiff Jose Ramirez. After Mr. Ramirez' lawyer sent a letter asking for the preservation of evidence, the superintendent then

Page  1       SECOND AMENDED COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 300
205 SE Spokane Street
Portland, Oregon 97202
(503) 790-2772
walsh@europa.com

retaliated against Mr. Ramirez by refusing to respond an inmate communication from Mr. Ramirez requesting the she address his medical concerns.   The defendant doctors failed to provide medical treatment that they authorized as medically necessary, and theyfailed to provide physical therapy to aid in Mr. Ramirez' recovery.

## Jurisdiction

1.	This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4). Pendent jurisdiction is asserted for separate state law claims under 28 U.S.C. § 1367.

## Venue

2.	Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district.   28 U.S.C. § 1391(b).

## Parties

3.	Plaintiff Jose Ramirez currently lives in California.   During all material times, he was an adult in custody at the Oregon Department of Corrections (ODOC).   He was released in March of 2018.

4.	Defendant State of Oregon operates the Oregon Department of Corrections (ODOC) facilities, including Powder River Correctional Facility (PRCF).

5.	Defendant Sue Washburn is an employee of the Oregon Department of Corrections, and is the superintendent at Powder River Correctional Facility (PRCF) in Baker City, Oregon.   At all times relevant, Ms. Washburn was acting under color of state law.

Page  2          SECOND AMENDED COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 300
205 SE Spokane Street
Portland, Oregon 97202
(503) 790-2772
walsh@europa.com

6. Defendant Garth Gulick, MD is a physician at Snake River Correctional Institution (SRCI) and an employee of the Oregon Department of Corrections (ODOC). At all times relevant, he was acting within the scope of his agency or employment, and under color of state law.

7. Defendant Bryon Hemphill, DO is a physician at SRCI and an employee of ODOC. At all times relevant, he was acting within the scope of his agency or employment, and under color of state law.

## Facts

8. In November and December 2016 thru January 11, 2017, Baker City received significant snow.

9. Weather records from the National Oceanic & Atmosphere Administration (NOAA) at the Baker City Airport indicate that approximately 1.4 inches of melted precipitation fell during this timeframe.

10. The Baker City Airport is roughly at the same altitude of PRCF, and is approximately five miles away. Thus, the Baker City Airport weather station experienced the same or similar weather conditions as PRCF.

11. One inch of water roughly equals about 13 inches of snow. Thus approximately 1.5 feet of snow fell. Due to very cold temperatures, very little snow melted.

12. NOAA records indicate that from January 12, 2017 through January 22, 2017, there was either no measureable precipitation, or only trace amounts fell, except for January 18 which received 0.9 inches of snow, and January 19 which received 0.2 inches of snow. Thus for that 10 day period only about an inch of snow fell.

Page  3    SECOND AMENDED COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 300
205 SE Spokane Street
Portland, Oregon 97202
(503) 790-2772
walsh@europa.com

13. From January 19 through January 22, 2017, the temperatures warmed up to above freezing during the daytime.

14. Due to the warmer temperatures, plaintiff decided to go to the area known as the weight pile to work out with weights. It was evening, and he could not see that there was a slab of ice cantilevering off the side of the building that ran the length of the roof (approximately 50 feet), was hanging over the roof by approximately 2.5 feet, and was extremely thick (approximately 2 feet).

15. The corrections officers were aware that the cantilevering ice was sliding off the roofs and eaves in warmer weather, and posed a danger to anybody standing under the cantilevers, yet failed to warn or block off those areas where cantilevering ice posed a danger.

16. A prisoner authorized to clear snow and ice was working around the weight pile. The prisoner caused the cantilevering slab of ice to brake off and hit Mr. Ramirez, causing a comminuted open fracture of his tibea plateau, and neck and back injuries.

17. It is estimated that the slab of ice that hit Mr. Ramirez weighed over 2000 lbs.

18. As the Superintendent of PRCF, Ms. Washburn is required to ensure all sections within the institution are operating according to established safety procedures, guidelines and regulations; she was required to ensure safety hazards are addressed; and she was required to ensure removal of potential safety hazards.

19. Ms. Washburn knew or should have known of the risk to prisoners, because ice was removed from other buildings at the PRCF compound before the injury. In addition, ice had been falling from the gutters and fascia of other buildings.

Page 4   SECOND AMENDED COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 300
205 SE Spokane Street
Portland, Oregon 97202
(503) 790-2772
walsh@europa.com

20. Even though the weather had been relatively good over the ten days preceding the accident, with most days having only trace or zero snowfall, Ms. Washburn failed to ensure that the PRCF compound was safe from the cantilevering slabs of ice, and failed to ensure that slabs of ice were removed in a manner that would not cause injury to the unsuspecting prisoner (or guard) who was standing in harms way.

21. After the injury, Ms. Washburn closed the yard and weight pile.

22. As a result of the injury, Mr. Ramirez had to undergo surgery to fix his leg, he has metal rods and screws in this leg, he has incurred over $83,000 in medical bills, and he will incur future medical bills.

23. Mr. Ramirez has endured significant pain and suffering, and loss of mobility. He currently walks with a severe limp, cannot participate in hobbies, and generally has trouble with day to day activities.

24. In addition to the injuries, pain and suffering described above, he endured the following issues during his time in prison due to his injury:

    a. he was required to use a wheelchair for 18 months;

    b. Mr. Ramirez developed an allergic reaction to the pain killers causing him to experience severe itching;

    c. Although the allergic reaction could have been easily treated with Benadryl, Dr. Hemphill denied Mr. Ramirez the use of Benadryl, claiming it was for only Behavioral Health Issues, thus causing him to be miserable;

Page 5   SECOND AMENDED COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 300
205 SE Spokane Street
Portland, Oregon 97202
(503) 790-2772
walsh@europa.com

      d.      Mr. Ramirez requested a snack or Ensure so that he did not have to take his pain medications on an empty stomach, which was denied, causing Mr. Ramirez to be very sick and nauseous after taking his pain medications.

**Facts Regarding Retaliation Claim**

25.     After the injury and his hospitalization, plaintiff was transferred to the Snake River Correctional Institution (SRCI) infirmary.   Plaintiff felt that the medical care provided to him at SRCI by the medical providers (defendants Gulick and Hemphill) was inadequate, including those issues as described in paragraph 24 above.

26.     On March 27, 2017, he sent an Inmate Communication to Sue Washburn asking for her help since the original injury took place at her facility. Specifically, he was asking for a transfer or other solution because he felt that the SRCI medical personnel were targeting or attempting to punish him due to his complaints of inadequate medical care subsequent to his injury.

27.     Oddly enough, somehow this letter from Mr. Ramirez found its way into Mr. Ramirez' medical file.   Presumably, Ms. Washburn sent this letter to Snake River medical department.

28.     On April 6, 2017, Mr. Ramirez' prior lawyer sent a letter to Powder River asking the institution to preserve evidence of the incident.

29.     Ms. Washburn decided to interpret the April 6, 2017 letter from Mr. Ramirez' lawyer as a Tort Claim, and on April 13, 2017, she sent a letter to Mr. Ramirez stating that she could not discuss his issues with him because his correspondence addressed information "which has been associated with a Tort Claim."

Page  6            SECOND AMENDED COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 300
205 SE Spokane Street
Portland, Oregon 97202
(503) 790-2772
walsh@europa.com

30. Requesting the preservation of evidence and/or providing a statement of one's intent to sue is speech protected by the First Amendment to the United States Constitution.

31. As a result of plaintiff engaging in the protected speech, Ms. Washburn retaliated against him by refusing to address Mr. Ramirez' concerns, leaving him no remedy.

32. Ms. Washburn's actions would chill a person of ordinary firmness from continuing to engage in the protective activity, i.e., pursuing the preservation of evidence or the giving of a notice of tort.

**Facts Regarding Deliberate Indifference of Defendants Gulick and Hemphill**

33. Mr. Ramirez continued to experience severe pain in his leg and knee, and difficulty walking. He was seen by the orthopedic specialist Dr. Foote. Dr. Foote recommended hardware removal, and arthroscopy because it was suspected that Mr. Ramirez had suffered a meniscus tear.

34. On October 3, 2017, the TLC committee approved the recommendation by Dr. Foote. The TLC committee is a group of doctors who review recommended or suggested care of a prisoner, and then either authorize or deny the care based upon certain articulated factors. Drs. Gulick and Hemphill were on this TLC committee along with the ODOC medical director and another doctor.

35. Drs. Gulick and Hemphill agreed that Dr. Foote's recommendations (hardware removal and arthroscopy) were medically necessary.

36. Yet, even though the TLC committee approved the recommendation, Drs. Hemphill and Gulick failed to follow through with scheduling Mr. Ramirez for the surgery and

Page 7   SECOND AMENDED COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 300
205 SE Spokane Street
Portland, Oregon 97202
(503) 790-2772
walsh@europa.com

arthroscopy. Because the records are handwritten in extremely sloppy writing, it is impossible to discern why Mr. Ramirez did not receive this undisputably necessary medical treatment.

37. In addition to the above actions, Drs. Gulick and Hemphill failed to order any meaningful physical therapy treatment for Mr. Ramirez' broken leg.

## FIRST CLAIM FOR RELIEF

**(Violation of 42 USC 1983 – First and Eighth Amendments against Sue Washburn)**

38. Plaintiff realleges paragraphs 1-32.

39. Ms. Washburn was deliberately indifferent to a serious risk of harm to Mr. Ramirez by failing to remove the cantilevering ice slabs from the PRCF buildings, in failing to warn the prisoners of the cantilevering ice slabs, and in not closing the weight pile while the ice slabs were removed, thus subjecting Mr. Ramirez to cruel and unusual punishment under the Eighth Amendment of the United State Constitution.

40. Ms. Washburn engaged in retaliation prohibited by the First Amendment of the United State Constitution by refusing to address Mr. Ramirez' concerns after the preservation of evidence letter was sent by Mr. Ramirez' attorney.

41. As a result of Ms. Washburn's violation of Mr. Ramirez's constitutional rights, Mr. Ramirez suffered a compound fracture of his tibea, neck and back injuries, and he endured retaliation. Accordingly, plaintiff is entitled to compensatory, including economic and non-economic damages against Ms. Washburn in an amount to be determined at trial for the violations of 42 U.S.C § 1983 and for plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

Page 8    SECOND AMENDED COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 300
205 SE Spokane Street
Portland, Oregon 97202
(503) 790-2772
walsh@europa.com

### (Violation of 42 USC 1983 – Eighth Amendment – Against Defendants Gulick and Hemphill)

42. Plaintiff realleges paragraphs 1-37.

43. Defendants Gulick and Hemphill were deliberately indifferent to Mr. Ramirez's serious medical needs as follows:

    a. In failing to provide the undisputably medically required treatment proposed by Dr. Foote, i.e., hardware removal and arthroscopy; and

    b. In in failing to provide physical therapy.

44. The defendants' treatment of Mr. Ramirez violated his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

45. As a result of the defendants' violation of Mr. Ramirez/ Constitutional rights, Mr. Ramirez suffered and continues to suffer physical pain and inability to walk without difficulty due to the denied medical treatment and physical therapy. As a result, he still needs the surgery and physical therapy and will incur future economic damages in an amount to be determined at trial. Accordingly, plaintiff is entitled to economic and non-economic damages against defendants in an amount to be determined at trial for the violations of 42 U.S.C § 1983 and for plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

### (Negligence against the State of Oregon)

46. Plaintiff realleges paragraphs 1-24 and 33-37.

Page 9    SECOND AMENDED COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 300
205 SE Spokane Street
Portland, Oregon 97202
(503) 790-2772
walsh@europa.com

47. As described in paragaphs 22-23 above, defendant State of Oregon claims to have received actual notice of the Tort Claim on or about April 6, 2017.

48. Plaintiff gave a timely tort claim notice on or about April 18, 2017 as required by ORS 30.275.

49. Plaintiff gave an additional tort claim notice on or about June 1, 2017 with additional complaints, including lack of medical care.

50. The agents and employees of the Oregon Department of Corrections, including but not limited to Ms. Washburn, were acting within the scope of their agency or employment.

51. Defendant State of Oregon, by and through the conduct of its agents and employees, was negligent in the following particulars:

    a. In failing to remove the cantilevering ice slabs from the weight pile roof;

    b. In failing to warn the prisoners of the cantilevering ice slabs overhanging the roof;

    c. In not closing the weight pile while the dangerous condition of cantilevering ice slabs existed;

    d. In failing to provide the medical treatment recommended by Dr. Foote; and

    e. In failing to provide physical therapy.

52. Defendant State of Oregon's agents and employees knew or in the exercise of reasonable care should have known their acts and omissions as set forth herein would result in a foreseeable risk of injury to others, including plaintiff.

53. Defendant State of Oregon's agents and employees' conduct was unreasonable in light of the risk of harm to plaintiff.

Page 10    SECOND AMENDED COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 300
205 SE Spokane Street
Portland, Oregon 97202
(503) 790-2772
walsh@europa.com

54. As a direct and proximate result of Defendant State of Oregon's agents and employees' acts or omissions, plaintiff has incurred past economic damages in the amount of $83,000, future economic damages in an amount to be determined at trial, and noneconomic damages in an amount to be determined at trial.

### REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests relief as follows:

a. For economic and non-economic damages;

d. An award of costs and attorney's fees under 42 U.S.C. § 1988; and

e. Such other relief as the Court deems just and equitable.


DATED:   June 28, 2018.          /s/ Lynn S. Walsh
                                 Lynn S. Walsh, OSB #924955
                                 (503)790-2772
                                 walsh@europa.com
                                 Attorney for plaintiff

Page 11    SECOND AMENDED COMPLAINT

LYNN S. WALSH,
OSB#924955
Suite 300
205 SE Spokane Street
Portland, Oregon 97202
(503) 790-2772
walsh@europa.com